1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ADRIENNE A. BURCH, | ) |
| Plaintiff, | ) Case No. 2:15-cv-00928-GMN-CWH |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| BELLAGIO HOTEL AND CASINO, *et al.*, | ) |
| Defendants. | ) |
| | ) |

Before the Court is Plaintiff Adrienne A. Burch's ("plaintiff") motion for service (doc. # 14). Also before the Court is Defendant Bellagio Hotel and Casino's ("defendant")[1] counter motion to quash (doc. # 20), plaintiff's response (doc. # 25), and defendant's reply (doc. # 28).

**BACKGROUND**

Plaintiff, proceeding pro se, filed her complaint on May 18, 2015. See Doc. # 1. Plaintiff contends she was wrongfully terminated from her employment and asserts various claims against defendants, including: (1) negligent failure to warn about the discrimination, harassment, and retaliation to which she claims she was subjected; (2) negligent retention of individuals who purportedly discriminated, harassed, and retaliated against her; (3) negligent supervision and hiring of these individuals; (4) intentional infliction of emotional distress due to mistreatment during her employment; (5) intentional infliction of emotional distress by her co-workers, (6) negligence per se; and (7) retaliatory discharge in violation of public policy. Id.

---

[1] Defendant claims that it was erroneously sued as "Bellagio Hotel and Casino" instead of "Bellagio, LLC." See Doc. # 14 at 4.

**DISCUSSION**

**1.    Motion for Service**

Plaintiff asks the Court to order the U.S. Marshals Service to serve the summons and complaint on Defendants Sean Griffin ("Griffin"), Burt Coats ("Coats"), and Pedro Ochoa ("Ochoa"). Plaintiff explains that she received a letter from defense counsel, Lisa McClane ("McClane"), stating that she is representing defendants in this case but does not indicate that she is also representing Griffin, Coats, and Ochoa.

A review of plaintiff's own motion and attachments (doc. # 14) reveal that McClane explicitly stated in her letter, dated July 21, 2015, that she is representing all defendants in this action. See Doc. # 14 at 3. In this same letter, moreover, McClane explains that she enclosed an executed acceptance of service for, among others, Griffin, Coats, and Ochoa, and that plaintiff could file the executed acceptance with the Court. Given such, plaintiff's request is misplaced and therefore denied as moot.

**2.    Counter-motion to Quash**

Defendant asks the Court to quash service of plaintiff's complaint for insufficiency of service of process. Defendant explains that plaintiff mailed a copy of the summons and complaint to Nathan Lloyd ("Lloyd"), who is not a registered agent, manager, or officer of defendant. Defendant adds that the address plaintiff used to send the summons and complaint was for the MGM Grand Hotel and Casino.

Plaintiff, in response, argues that she effected service upon defendant because she mailed a copy of the summons and complaint to Lloyd. Plaintiff also argues that Lloyd is authorized to accept service on behalf of defendant because Lloyd purportedly serves as defendant's counsel for labor and employment.

In reply, defendant restates its earlier arguments. Defendant also points out that Lloyd is not listed with the Nevada Secretary of State as a registered agent, manager, or officer of defendant, and therefore plaintiff has failed to effect service in this case. Defendant further points out that plaintiff provides no case law or evidence supporting her assertion that Lloyd can receive service on behalf of defendant simply because he serves as counsel of labor and employment for defendant.

//

2

Rule 12(b)(5) of the Federal Rules of Civil Procedure ("FRCP") permits a defendant to challenge the mode or method of service of the summons and complaint.  See Wasson v. Riverside County, 237 F.R.D. 423, 424 (C.D. Cal. 2006).   Federal courts do not have jurisdiction over a defendant unless it has been properly served under Rule 4 of the FRCP.  See Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988). Specifically, under Rule 4(h)(1)(B), a corporation may be served by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or in the manner prescribed by state law.  In Nevada, a plaintiff suing an entity formed under state law, or registered to do business in the state, may effect service by serving "the registered agent thereof or if the entity... is (i) a corporation, to any officer thereof..." Nev.R.Civ.P. 4(d)(1).  Alternatively, service may be accomplished by delivering a copy of the summons and complaint, along with an affidavit, to the Nevada Secretary of State if service cannot be effectuated on the registered agent or officer of the corporation.  Id.  The burden is on the party claiming proper service to establish its validity.  See Cranford v. United States, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005).  Assuming insufficiency of process or service of process, the Court has discretion to dismiss an action or to simply quash service.  See SHJ v. Issaquah School District No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006).

Here, defendant is a corporate entity registered to do business in Nevada.  Nothing in the record supports the conclusion that defendant's counsel for labor and employment, Lloyd, is an officer, managing or general agent, or any other authorized agent for defendant.  The Court finds that plaintiff has not met her burden of demonstrating that service was proper in the instant case.  Thus, the Court concludes that service of process to defendant was insufficient, and grants the instant motion to quash.

Having decided to quash service, the Court deems it appropriate to extend the time for plaintiff to accomplish service under Rule 4(m) of the FRCP.  The Court has broad discretion to extend time for service.  See Efaw v. Williams, 473 F.3d 1038, 1041(9th Cir. 2003).  The Court also notes that the 120-day time period for service under Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance."  Henderson v. United States, 517 U.S. 654, 661 (1996).  As such, plaintiff shall have until **October 23, 2015** to effectuate service in this matter.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion for service (doc. # 14) is **denied as moot**.

**IT IS FURTHER ORDERED** that defendant's counter motion to quash (doc. # 20) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **October 23, 2015** to effectuate service as to defendant Bellagio.

DATED:  September 15, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

4