UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADRIENNE A. BURCH, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> BELLAGIO HOTEL AND CASINO, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:15-cv-00928-GMN-CWH <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 10) filed by Defendants Robert Ferris, Jennifer Murphy, Juan Bautista, and Nazario Perales. Also pending before the Court is the Motion to Dismiss (ECF No. 18) filed by Defendants Bellagio, LLC ("Bellagio"), Sean Griffin, Karina Rizo, Burt Coats, and Pedro Ochoa.[1] Both motions have been fully briefed.

**I.  BACKGROUND**

This case arises out of Plaintiff's employment with Bellagio that began in 2004. (Compl. 7:5–8, ECF No. 1). Plaintiff alleges, *inter alia*, that Defendants created a hostile and highly offensive work environment. (*Id.* 8:4–5). Previously, Plaintiff had filed another action in this district ("Prior Action") regarding her employment with Bellagio, which was subsequently dismissed with prejudice. *See Burch v. Bellagio Hotel and Casino*, No. 2:14-cv-01141-JAD-PAL (D. Nev. Dec. 8, 2014). In that action, Plaintiff filed suit on July 11, 2014, against Bellagio, LLC for: (1) violation of Equal Pay Act of 1963 and (2) violations of Title VII of the Civil Rights Act of 1964. *Id.* Plaintiff subsequently amended her Complaint. *Id.* Plaintiff's

---

[1] Plaintiff Adrienne A. Burch ("Plaintiff") erroneously sued Defendants Bellagio, LLC and Burt Coates as Bellagio Hotel and Casino and Burt Coates, respectively.

Amended Complaint was dismissed with prejudice on December 8, 2014, for failure to state claim for which relief can be granted. *Id.*

Now, more than five months after the previous action was dismissed, Plaintiff alleges the following causes of action against Bellagio, LLC and its various employees: (1) negligent failure to warn; (2) negligent retention; (3) negligent supervision; (4) negligent hiring; (5) intentional infliction of emotional harm; (6) negligence per se; and (7) violations of Title VII of the Civil Rights Act of 1964. (Compl. 23:24–93:4). Defendants filed the instant motions to dismiss, asserting that Plaintiff's Complaint is barred by claim preclusion. (Mot. Dismiss 6:26–8:24, ECF No. 10; Mot. Dismiss 8:21–11:6, ECF No. 18).

## II. **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the

complaint may be considered." *Id*.  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. **DISCUSSION**

For the reasons stated in Defendants' motions to dismiss, and for the reasons discussed below, the Court finds that each of Plaintiff's causes of action are barred by res judicata, and must therefore be dismissed.  Because Plaintiff has filed suit before on these and similar causes of action, and because any amendment would be futile, the Court finds no basis on which to grant leave to amend.

Claim preclusion under the doctrine of res judicata applies when "a final judgment on the merits bars further claims by the same parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979); *accord Tahoe–Sierra Pres.*

*Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).  It prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. *Western Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).  The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources and, by preventing inconsistent decisions, encourage reliance on adjudication." *Mar in v. HEW, Health Care Fin. Agency*, 769 F.2d 590, 594 (9th Cir. 1985) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

Here, Plaintiff does not contest that her current action is against the same party or its privies as the Prior Action.  Moreover, Plaintiff does not contest that the prior action resulted in a final judgment on the merits.  Furthermore, Plaintiff's current claims appear to have accrued at the time of Plaintiff's Prior Action, and therefore could have been raised in that Prior Action.  Additionally, the factual allegations, while more detailed in Plaintiff's Complaint in the current action, are nearly identical to those alleged in the Prior Action.  Accordingly, Plaintiff is barred from relitigating these claims.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that both the Motion Dismiss (ECF No. 10) and the Motion to Dismiss (ECF No. 18) are **GRANTED**.  Accordingly, Plaintiff's Complaint is dismissed with prejudice.

The Clerk of the Court shall enter judgment accordingly and thereafter close this case.

**DATED** this ___28___ day of October, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge